IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:06cr161-CSC |
| | ) | (WO) |
| ANGELINA J. WILLIAMS | ) | |

**ORDER**

On October 27, 2006, the defendant filed a motion to continue trial (doc. # 17). The United States does not oppose the motion. Upon consideration of the motion, the court concludes that the motion should be granted.

While the granting of a motion for continuance is left to the sound discretion of the court, the Speedy Trial Act places limits on that discretion. *See* 18 U.S.C. § 3161. Under the act, the trial of a defendant must commence within 70 days of the date of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990). Excluded from this 70 day period is any continuance which a judge grants "on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Before granting a continuance, the court must consider among other factors "[w]hether the failure to grant [the] continuance . . . would be likely to . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(8)(B)(I). *See also United States v. Wentland*, 582 F.2d 1022 (5th Cir. 1978). The court also must consider "whether the failure to grant such a continuance . . .

would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv).

The defendant's counsel is unavailable for trial commencing on November 6, 206, due to another criminal case being tried on that date. Counsel has represented the defendant since July 12, 2006. Another attorney would have difficulty preparing for trial at this late date. Thus, if the court does not grant the motion to continue, the defendant as a practical matter will be deprived of counsel. Requiring a trial under these circumstances is not beneficial to the parties or the public. For these reasons, the court finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial, and it is

ORDERED as follows:

1. That the motion to continue trial (doc. # 17) be and is hereby GRANTED.

2. That this case be and is hereby continued for jury selection on and trial during the term beginning on **November 27, 2006.**

**The parties are advised that, absent extraordinary circumstances, no further continuances will be granted.**

Done this 1st day of November, 2006.

                                          /s/Charles S. Coody
                                     CHARLES S. COODY
                                     CHIEF UNITED STATES MAGISTRATE JUDGE